```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
IN RE WORLDCOM, INC. ERISA LITIGATION    :
                                         :    MASTER FILE
This Document Relates to:                :    02 Civ. 4816 (DLC)
                                         :
ALL ACTIONS                              :    MEMORANDUM OPINION &
                                         :         ORDER
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On October 18, 2004, a settlement was approved between the plaintiffs and all defendants other than Merrill Lynch Trust Company, FSB ("Merrill Lynch"), and Scott Sullivan ("Sullivan"). In re Worldcom, Inc. ERISA Litig., No. 02 Civ. 4816 (DLC), 2004 WL 2338151, at *11 (S.D.N.Y. Oct. 18, 2004). That settlement was approved over the objection of Merrill Lynch, which contested the legality of the judgment reduction formula included as part of the "bar order" that precluded Merrill Lynch from asserting contribution or indemnity claims against any of the settling defendants. See id. at *4. Merrill Lynch appealed to the Second Circuit, where briefing was completed on February 24, 2005.

Following a February 1, 2005 Opinion granting summary judgment to Merrill Lynch, it moved for entry of judgment pursuant to Rule 54(b), Fed. R. Civ. P. After the motion was fully briefed on April 1, the plaintiffs withdrew their opposition on April 25. On April 8, the Second Circuit granted a stay of Merrill Lynch's appeal, apparently based on Merrill Lynch's argument that a final resolution of Merrill Lynch's

summary judgment motion in favor of Merrill Lynch would render moot its appeal addressed to the bar order.

A court "may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment."  Rule 54(b), Fed. R. Civ. P.  Partial final judgment should be "granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (citation omitted).

Merrill Lynch's appeal of the bar order must be resolved before the settlement's proceeds may be distributed to aggrieved plaintiffs who suffered significant losses in their retirement accounts.  This hardship strongly supports an immediate appeal from the summary judgment decision.  The remaining claims against Sullivan are not intertwined with the issues addressed in Merrill Lynch's summary judgment motion.  Moreover, the action against Sullivan is stayed due to criminal proceedings against him, and it is unclear when the action against him will resume.  As a result, there is no just reason for delay.

## CONCLUSION

The Clerk of Court shall enter final judgment pursuant to Rule 54(b), Fed. R. Civ. P., in favor of defendant Merrill Lynch.

SO ORDERED:

Dated: New York, New York
April 26, 2005

_____
DENISE COTE
United States District Judge